**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TERRENCE J. HANCOCK, DALE BOLT** ) | |
| **JOHN LISNER, JAMES BUIK, and** ) | |
| **EDWARD DENORMANDIE as** ) | |
| **TRUSTEES of the LOCAL No. 731,** ) | |
| **I. B. of T., TEXTILE MAINTENANCE** ) | **Case No.** |
| **AND LAUNDRY CRAFT PENSION** ) | |
| **TRUST FUND,** ) | |
| ) | |
| **Plaintiff,** ) | **Judge** |
| ) | |
| **v.** ) | `FILED:  JUNE 23, 2008` |
| ) | `08CV3585` |
| **THE STANDARD COMPANIES, INC.,** ) | `JUDGE COAR` |
| ) | `MAGISTRATE JUDGE COLE` |
| **Defendant.** ) | `YM` |

**COMPLAINT**

Plaintiff, Local No. 731, I. B. of T., Textile Maintenance and Laundry Craft Pension Trust Fund ("Fund") through its current and authorized Trustees Terrence J. Hancock, Dale Bolt, John Lisner, James Buik, and Edward DeNormandie bring this complaint against Defendant, The Standard Companies, Inc., ("Standard Companies"), as a result of Defendant's withdrawal from a multiemployer pension plan, and allege as follows:

**JURISDICTION AND VENUE**

1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, interest, and penalties and, as such, this Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2.     Venue lies in this court under sections 502(e)(2) and 4301(d) of ERISA, 29

U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered by its Trustees at its principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois, 60527.

## PARTIES

3.      Plaintiff Fund Trustees administer the Local 731, I. B. of T.,Textile Maintenance and Laundry Craft Pension Plan ("Plan"), a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).  Plaintiffs are "fiduciaries" of the Fund and the Trustees are collectively the Plan's sponsor within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

4.      Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees as fiduciaries are authorized to bring this action on behalf of the Plan, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

5.      Defendant Standard Companies is an Illinois corporation in good standing, with its principal place of business located in the State of Illinois.

## FACTS

6.      Standard Companies was an employer engaged in an industry affecting commerce and was subject to a collective bargaining agreement with Local Union No. 731, affiliated with the International Brotherhood of Teamsters, under which Standard Companies was required to make contributions to the Fund on behalf of certain of its employees.

7.      In June 2007, Standard Companies permanently ceased its obligation to contribute to the Plan.

8.      Under section 4201(b) of ERISA, 29 U.S.C. § 1381(b), the liability for Standard Companies' withdrawal is $4,035.

9.      Through its attorneys, the Fund notified Standard Companies by letter dated February 15, 2008, that the amount of withdrawal liability incurred by Standard Companies was $4,035.  In the letter, the Fund further notified Standard Companies that it could discharge its liability in two quarterly installments of $1,361 and a final quarterly installment of $1,313.  The letter advised Standard Companies that the first installment was due April 16, 2008 and, in the alternative, Standard Companies had the option of paying its withdrawal liability in a lump sum. The letter explained Standard Companies' right to review the Trustees' determination.  The letter also explained that Standard Companies would be in default if it failed to remit payment to the Fund.  The letter was sent by United Parcel Service and was received by Standard Companies on February 18, 2008, confirmed by United Parcel Service tracking number 1Z F35 4E8 25 9328 641 2.

10.      Through its attorneys, the Fund notified Standard Companies by letter dated April 18, 2008, of Standard Companies' failure to remit its first quarterly installment in accordance with the schedule of payments set forth by the Trustees.  In the letter, the Trustees demanded prompt payment of the past due amounts.  The letter further informed Standard Companies that failure to remit payment within 60 days of receipt of the letter would result in a default, under which Standard Companies would immediately be liable for the entire amount of withdrawal liability.  This letter was sent via certified and regular U.S. Mail.  A postcard confirming the April 22, 2008 delivery of the letter via certified mail was delivered to the Fund's attorneys on April 23, 2008.

11.      Standard Companies never requested that the Fund review its withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A) and more

than 90 days have passed since Standard Companies received notice from the Trustees of the demand and schedule of payments for the withdrawal liability amount.

12.     Standard Companies remitted no payment to the Fund in response to the notices dated February 15, 2008 and April 18, 2008.  More than 60 days have passed since the April 18, 2008 letter was sent to and received by Standard Companies.

## COUNT I: LIABILITY FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201

13.     Plaintiffs incorporate by reference paragraphs 1 through 12 of this Complaint, as though fully set forth herein, as Paragraph 13 of this Complaint.

14.     In June 2007, Standard Companies effected a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. § 1383, from the Plan.

15.     As a result of this complete withdrawal, Standard Companies incurred withdrawal liability to the Plan in the amount of $4,035, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

16.     Standard Companies did not timely request review of the withdrawal liability determination under section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and the determination cannot now be challenged.

17.     Standard Companies did not timely initiate arbitration of the Fund's withdrawal liability determination under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and the determination cannot now be challenged.

18.     The Trustees gave Standard Companies the notice required by sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, by letter dated February 15, 2008.

19.     The Trustees gave Standard Companies the notice of default required by section

4

4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), by letter dated April 18, 2008.

20.    Standard Companies failed to make all of the withdrawal liability payments to the Fund required under the payment plan and is therefore in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

21.    Pursuant to section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire amount of Standard Companies' outstanding withdrawal liability, plus accrued interest on that amount accruing from the date of the first missed payment.

22.    Pursuant to ERISA 502(g)(2) and the Fund's Rules, the Fund is entitled to interest, liquidated damages, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    That judgment be entered in its favor and against Defendant under Count I, pursuant to section 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b) for:  $4,035 in withdrawal liability; pre-judgment interest on the entire amount of the withdrawal liability assessment beginning on April 18, 2008, the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs;

(b)    Post-judgment interest computed and charged at an annualized interest rate equal

5

to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve

System as set forth in Statistical Release H.15;

(c)    That this Court retain jurisdiction of this cause pending compliance with the

Court's orders; and

(d)    Such further or different relief as this Court may deem proper and just.


Respectfully submitted,


 s/Steven W. Jados
Steven W. Jados
Attorney for the Plaintiff


J. Peter Dowd
Michele M. Reynolds
Lakisha M. Kinsey-Sallis
Steven W. Jados
Dowd, Bloch and Bennett
8 South Michigan Avenue, 1900
Chicago, Illinois 60603
(312) 372-1361