IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, DALE BOLT, JOHN LISNER, JAMES BUIK, and EDWARD DENORMANDIE as TRUSTEES of the LOCAL No. 731, I. B. of T., TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION TRUST FUND, <br><br>Plaintiff, <br><br>v. <br><br>THE STANDARD COMPANIES, INC., <br><br>Defendant. | Case No. 08 C 3585 <br><br>Judge Coar <br><br>Magistrate Judge Cole |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff Terrence J. Hancock, Dale Bolt, John Lisner, James Buik, and Edward DeNormandie as Trustees of the Local No. 731, I. B. of T., Textile Maintenance and Laundry Craft Pension Trust Fund ("Fund"), by and through its attorneys Dowd, Bloch & Bennett, moves this Court pursuant to Federal Rules of Civil Procedure 54(b) and 55(b) for the entry of a default judgment against Defendant The Standard Companies, Inc. In support of its motion, Plaintiff states:

1. On June 23, 2008, the Fund filed a complaint against The Standard Companies, Inc. ("Standard Companies") to collect withdrawal liability payments due and owing to the Fund, as well as interest, liquidated damages, attorneys' fees and costs.

2. On July 2, 2008 Standard Companies was served with the Complaint and Summons by personal service of process. Return of Service was filed with the Clerk of the Court on July 8, 2008. (Ex. A.)

3. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Standard Companies' answer was due on July 22, 2007.

4. Standard Companies has not filed an Answer or other responsive pleading. Consequently, Standard Companies is in default pursuant to Federal Rule of Civil Procedure 55(a).

5. Standard Companies owes the Fund $4,035.00 in withdrawal liability (Ex. B, Woldman Aff., ¶6.)

6. Under 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Central States Pension Fund v. Slotsky,* 956 F.2d 1369,1377 (7th Cir. 1992). Pursuant to 29 U.S.C. § 1132(g)(2), the Fund is entitled to the greater of double interest or single interest plus liquidated damages, attorneys' fees, costs, and such other relief as the Court deems appropriate. An award of these amounts is mandatory. *Central States Pension Fund v. Joe McClelland, Inc.,* 23 F.3d 1256, 1259 (7th Cir. 1994); *Central States Pension Fund v. Gerber Truck Serv. Inc.,* 870 F.2d 1148, 1156 (7th Cir. 1989).

7. Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the Plan.

8. Under the Pension Plan, interest is computed and charged at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15.

9. Using this rate, Standard Companies owes the Fund $75.45 in interest (Ex. B,

Woldman Aff., ¶ 12.)

10. Under 29 U.S.C. § 1132(g)(2), the Fund is entitled to the greater of double interest or single interest plus liquidated damages of up to 20%, as provided by the Plan.

11. Standard Companies owes an additional $807.00 as 20% liquidated damages. (Ex. B, Woldman Aff., ¶ 12.)

12. Standard Companies owes the Fund $3,544.86 in attorneys' fees and $464.11 in costs, for a total of $4,008.97 in attorneys' fees and costs. (Ex. C, Jados Aff., ¶¶ 7,8.)

13. Pursuant to the terms of Supplement A of the Fund's Plan Provisions, the Fund is entitled to post-judgment interest on the entire judgment balance at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15.

WHEREFORE Terrence J. Hancock, Dale Bolt, John Lisner, James Buik, and Edward DeNormandie as Trustees of the Local No. 731, I. B. of T., Textile Maintenance and Laundry Craft Pension Trust Fund request the following relief:

(A) Entry of default judgment in the total amount of $8,926.42 against The Standard Companies, Inc., for the following amounts:

| | |
|---|---|
| $ 4,035.00 | withdrawal liability |
| $    75.45 | interest |
| $   807.00 | liquidated damages |
| $ 4,008.97 | attorneys' fees and costs |
| **$ 8,926.42** | **Total** |

(B) An award to the Fund of post-judgment interest on the entire default judgment amount, computed at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC as reported by

the Board of Governors of the Federal Reserve System in Statistical Release H.15 as of the date of the judgment.

                Respectfully submitted,

                s/Steven W. Jados
                Steven W. Jados
                One of Plaintiff's attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 3585**

SUMMONS IN A CIVIL CASE

TERRENCE J. HANCOCK, DALE BOLT, JOHN LISNER, JAMES BUIK, and EDWARD DENORMANDIE, as TRUSTEES of the LOCAL No. 731, I. B. of T., TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION TRUST FUND,

    Plaintiff,

v.

THE STANDARD COMPANIES, INC.,

    Defendant.

Docket Number:

Assigned Judge: **JUDGE COAR**
**MAGISTRATE JUDGE COLE**

Designated Magistrate Judge:

TO:    THE STANDARD COMPANIES, INC.
       c/o George Bonomo, Registered Agent
       2601 South Archer Avenue
       Chicago, IL 60608

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Steven W. Jados
Dowd, Bloch & Bennett
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

*(signature)*
(By) DEPUTY CLERK

**June 23, 2008**
Date



| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me. | DATE: July 2nd, 2008 |
| NAME OF SERVER (PRINT) Philip P. Ducar | TITLE Special Process Server |

*Check one box below to indicate appropriate method of service-*

[_] Served personally upon the defendant. Place where served: _____
_____

[_] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

[_] Returned unexecuted: _____
_____

XXX Other (specify): Personally handed the Summons and Complaint to Ms. Ginger Slakis, of The Standard Companies, Inc. Service was effected at the office of the R/A, Mr. George Bonomo, at 2601 S. Archer Ave., in Chicago, Ill., at the hour of 3:50 p.m., on July 2'nd, 2008.

| STATEMENT OF SERVICES FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on July 2'nd, 2008        *Philip P. Ducar*
Date                                Signature of Server
                                    Post Office Box # 911
                                    Tinley Park, Illinois 60477
                                    _____
                                    Address of Server

## AFFIDAVIT OF WILLIAM WOLDMAN

**COUNTY OF COOK** )
) SS
**STATE OF ILLINOIS** )

I, William Woldman, of full age, being duly sworn on my oath, hereby depose and say as follows:

1. I am the Administrator of the Local No. 731, I. B. of T., Textile Maintenance and Laundry Craft Pension Trust Fund ("Fund").

2. I am responsible for monitoring Employers' accounts with the Fund and receiving withdrawn employers' quarterly withdrawal liability payments. I am familiar with the withdrawal liability assessment against Defendant The Standard Companies, Inc., (hereinafter "Defendant Company"), and am competent to testify to the facts contained in this affidavit.

3. If an employer has withdrawn from the Fund, the Fund's actuary calculates the withdrawal liability due and the Fund's legal counsel notifies the employer of the assessment in accordance with ERISA Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1).

4. Defendant Company was signatory to a collective bargaining agreement with Local 731, I. B. of T, that required Defendant Company to file monthly reports and contribute to the Fund on behalf of Defendant Company's employees.

5. According to the Fund's records, in approximately June 2007, Defendant Company permanently ceased its obligation to contribute to the Fund, thereby effecting a "complete withdrawal" as defined in ERISA Section 4203, 29 U.S.C. § 1383.

6. As a result of this complete withdrawal, and based on the contribution history of Defendant Company, the Plan's actuaries determined that Defendant Company incurred

EXHIBIT B

withdrawal liability to the Pension Fund in the amount of $4,035.

7. Through its attorneys, by letter dated February 15, 2008, the Fund notified Defendant Company of its withdrawal liability, its payment schedule, and its right to request review and initiate arbitration.

8. Defendant Company did not request review of the assessment or initiate arbitration within the time period established by 29 U.S.C. § 1401(a)(1). As a result Defendant Company is in default and the withdrawal liability is due and owing to the Fund.

9. Defendant Company has made no withdrawal liability payments to the Fund.

10. In accordance with ERISA and the Fund's governing plan documents related to withdrawal liability, the Fund is entitled to the following in any action to collect withdrawal liability payments:

    a) withdrawal liability

    b) an amount equal to the greater of double interest or single interest plus liquidated damages in the amount of 20% of the withdrawal liability; and

    c) reasonable attorneys' fees and costs.

11. Under the Plan's Supplement A, and 29 U.S.C. § 1132(g)(2), interest is determined using rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15.

12. Accordingly, I have determined that the Fund is owed the following withdrawal liability amounts from Defendant Company, not including attorneys' fees and costs which are also due:

2

a) $4,035.00 in withdrawal liability

b) $75.45 in interest at the prevailing interest rate of 6.00%

c) $807.00 in liquidated damages (at 20%)

**Subtotal:**  $4,917.45

13. Attached is a true and correct copy of the withdrawal liability calculation worksheet provided by our actuary and kept in the ordinary and normal course of business.

14. In addition to the above amounts, based on the Plan's Supplement A, interest on the judgment entered against Defendant Company is computed and charged at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15.

I have read the foregoing affidavit and swear that it is true and correct to the best of my knowledge, information, and belief.

*William Woldman*
William Woldman

Subscribed and sworn to before me this 30th day of July, 2008,

*Notary Public*

"OFFICIAL SEAL"
Roberta A. Lester
Notary Public, State of Illinois
My Commission Expires 04-03-11

3

Local 731 Textile, Maintenance and Laundry Craft Pension Fund

Exhibit I
Employer Withdrawal Liability Assesment Worksheet
For Withdrawals From April 1, 2007 Through March 31, 2008

Employer: The Standard Company 40280
As of: 03/31/2007

1. Unfunded vested benefits:

   (a) Value of vested benefits        $ 26,691,469
   (b) Less value of assets               17,168,775
   (c) Unfunded vested benefits        $  9,522,694

2. Five-year rolling totals of year-by-year contributions

| Plan Year Ending 3/31 | (a) Plan Contributions (audit) | (b) Contributions of Previously Withdrawn Employers | (c) Net Plan Contributions Used in Calculations | (d) Employer Contributions |
|---|---|---|---|---|
| 2003 | $ 801,582 | $ 107,871 | $ 693,711 | $ 5,168.34 |
| 2004 | 788,882 | 101,430 | 687,452 | 5,376.40 |
| 2005 | 747,634 | 33,290 | 714,344 | 3,992.45 |
| 2006 | 706,995 | - | 706,995 | 2,696.20 |
| 2007 | 718,892 | - | 718,892 | 2,748.05 |
| Total | $ 3,763,985 | $ 242,591 | $ 3,521,394 | $ 19,981.44 |

3. Allocation [totals of 2(c)/2(b)]                                                        0.0056743
4. Gross assessment of withdrawal liability [3 x 1(c)]                          $     54,035
5. De Minimis [Lesser of: .0075 x 1(c) or $50,000]                              $     50,000
6. Deductible [equals 5 reduced by $1 for each $1 that 4 is above $100,000]  $     50,000
7. Net assessment of withdrawal liability [4-6, but not less than zero]       $      4,035

8. Contribution Weeks

| Plan Year Ending 3/31 | Employer Contributions | Contribution Rate per Week at end-of-year | Estimated Weeks | 3-Year Average of Estimated Weeks | |
|---|---|---|---|---|---|
| 1998 | $ 2,177.60 | $ 21.85 | 66.29 | | |
| 1999 | 3,328.40 | 32.85 | 78.00 | | |
| 2000 | 4,472.40 | 43.85 | 104.00 | 82.76 | |
| 2001 | 4,836.90 | 45.85 | 106.00 | 96.00 | |
| 2002 | 4,960.40 | 47.85 | 104.00 | 104.67 | Note: Weeks were provided |
| 2003 | 5,168.34 | 49.85 | 104.00 | 104.67 | by the Fund Office beginning |
| 2004 | 5,376.40 | 51.85 | 104.00 | 104.00 | 2007 |
| 2005 | 3,992.45 | 51.85 | 77.00 | 95.00 | |
| 2006 | 2,696.20 | 51.85 | 52.00 | 77.67 | |
| 2007 | $ 2,748.05 | $ 51.85 | 53.00 | 60.67 | |

9. Maximum Annual Payment Amount

   (a) Maximum 3-year average during 10 years preceding withdrawal:                    105
   (b) Maximum contribution rate during 10 years preceding withdrawal:       $      51.85
   (c) Maximum annual payment amount = (a) x (b)                              $      5,444

## AFFIDAVIT OF STEVEN W. JADOS

| | |
|---|---|
| **COUNTY OF COOK** | ) |
| | ) SS |
| **STATE OF ILLINOIS** | ) |

I, Steven W. Jados, of full age, being duly sworn on my oath, hereby depose and say as follows:

1. This affidavit is based on my personal knowledge and, if necessary, I could testify to the facts contained in this affidavit.

2. I am an attorney admitted to the general bar of this Court and the bar of the State of Illinois. I have practiced labor, employment, and employee benefits law since 2006.

3. I am an associate with the firm Dowd, Bloch & Bennett ("Firm"), and I represent Plaintiff in case number 08 C 3585. Ms. Michele M. Reynolds, an associate with the Firm, has been practicing in the areas of labor, employment and employee benefits law since 1996. Ms. Lakisha M. Kinsey-Sallis, an associate with the Firm, has been practicing in the areas of labor, employment, and employee benefits law since 2005.

4. As of the filing of this motion, the Firm has spent a total of 14.6 hours representing the Local No. 731, I. B. of T., Textile Maintenance and Laundry Craft Pension Fund ("Fund") in connection with this case, including discussing assessment amounts with the Fund's actuary, corresponding with the actuary regarding Defendant's withdrawal liability, preparing notices of assessment to Defendant, monitoring payment and due dates with the Fund, communicating with the Fund regarding the status of the case, preparing notices of default, preparing the complaint and other related documents, arranging for service on the Defendant, and preparing the motion for default judgment.

EXHIBIT C

5. I anticipate that after completing this affidavit and filing the motion, I will spend at least two additional hours in this matter preparing for and attending the hearing on the motion, examining any orders that may be entered, and informing the Fund and Defendant of the results. I therefore seek recovery on behalf of the Fund of the charge which will be made for two hours of my time beyond the hours described in paragraph four.

6. The Firm charges the Fund a rate of $175.00 for my work and that of Ms. Kinsey-Sallis, $200.00 per hour for Ms. Reynolds's work, and $90.00 for paralegals' work. I believe these hourly rates are within the range of normal and reasonable for lawyers in this area with these levels of ability and experience.

7. Based on the hours that have been spent and that I anticipate will be spent representing the Fund, the Fund will have incurred attorneys' fees in the total amount of $3,544.86.

8. In addition to the fees, the Fund seeks recovery of costs totaling $464.11 that were incurred and charged to the Fund for the $350.00 filing fee, $50.00 service of process fee, $46.84 for postage costs, $15.77 for Lexis legal research fees, and $1.50 in photocopying costs.

I have read the foregoing affidavit and swear that it is true and correct to the best of my knowledge, information, and belief.

_____
Steven W. Jados

Subscribed and sworn to
before me this 30th day
of July, 2008.

_____
Notary Public

"OFFICIAL SEAL"
ELSA I. CONTRERAS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/14/2009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE J. HANCOCK, DALE BOLT, JOHN LISNER, JAMES BUIK, and EDWARD DENORMANDIE as TRUSTEES of the LOCAL No. 731, I. B. of T., TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION TRUST FUND, | ) ) ) ) ) ) ) ) | Case No. 08 C 3585<br><br>Judge Coar |
| Plaintiff, | ) ) | Magistrate Judge Cole |
| v. | ) ) ) | |
| THE STANDARD COMPANIES, INC., | ) ) | |
| Defendant. | ) | |

## PROPOSED ORDER

This matter coming before the Court on Plaintiff's Motion of Entry of Default Judgment. The Court having reviewed the motion along with the supporting materials, hereby finds and ORDERS:

1. That Defendant The Standard Companies, Inc., is in default;

2. That Plaintiff Terrence J. Hancock, Dale Bolt, John Lisner, James Buik, and Edward DeNormandie as Trustees of the Local No. 731, I. B. of T., Textile Maintenance and Laundry Craft Pension Trust Fund ("Fund") has a judgment against Defendant The Standard Companies, Inc., in the amount of $8,926.42, as follows:

| | |
|---|---|
| $ 4,035.00 | withdrawal liability |
| $      73.45 | interest |
| $    807.00 | liquidated damages |
| $ 4,008.97 | attorneys' fees and costs |
| **$ 8,926.42** | **Total** |

    3.       That Plaintiff is awarded post-judgment interest on the entire judgment balance computed at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15 as of the date of the judgment; and

    4.       That this Court retains jurisdiction of the cause for the purpose of enforcing this Order.

SO ORDERED:


By:_____    Date:_____
DAVID H. COAR, J.

**CERTIFICATE OF SERVICE**

I certify that I will serve the Notice of Motion, Motion for Entry of Default Judgment, Proposed Order, affidavits, and exhibit by mailing copies to the address indicated below on July 31, 2008.

THE STANDARD COMPANIES, INC.
c/o George A. Bonomo, Registered Agent
2601 South Archer Avenue
Chicago, IL 60608

  s/Steven W. Jados
Steven W. Jados